IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GARY S. SILVERMAN<br>9401 Wing Foot Court<br>Potomac, Maryland 20854<br><br>and<br><br>CARYN SILVERMAN<br>9401 Wing Foot Court<br>Potomac, Maryland 20854<br><br>      *Plaintiffs,*<br><br>vs.<br><br>AMERICAN EXPRESS TRAVEL RELATED<br>SERVICES COMPANY, INC.<br>      Serve:  The Corporation Trust, Inc.<br>                  300 E. Lombard Street<br>                  Baltimore, Maryland 21202<br><br>      *Defendant.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

Plaintiffs Gary S. Silverman and Caryn Silverman, by their attorneys Silverman & Associates, Chtd. and Milt Theologou hereby sues the Defendant and as grounds in support thereof states as follows:

### **Parties**

1.      Plaintiff Gary S. Silverman ("Mr. Silverman") is and was at all times relevant hereto a Maryland resident.

2.      Plaintiff Caryn Silverman ("Mrs. Silverman") is and was at all times relevant hereto a Maryland resident.

1

3. Defendant American Express Travel Related Expenses Company, Inc. ("American Express") is and was at all times relevant hereto a New York corporation.

## Jurisdiction

4. Jurisdiction is based on 28 U.S.C. § 1332.

5. Jurisdiction is further based on the fact that the Plaintiffs are residents in Maryland, the defendant is a New York Corporation, and the amount in controversy is more than $75,000.  28 U.S.C. § 1332.

## Factual Background

6. In 1991, Mrs. Silverman requested, and after a review of her personal credit information, received an American Express gold card account # 3728-720092-35005.

7. In May of 2005, Mrs. Silverman requested, and after a review of her personal credit information, received an American Express platinum card account # 3717-029387-91003.

8. Mrs. Silverman requested, and American Express did issue, additional cards to Mr. Silverman with account #'s 3728-720092039105 and 3717-029387-91029.

9. On July 7, 2005, based on dispute regarding the use of the above noted accounts, American Express threatened to terminate account # 3717-029387-91003.  A copy of the notice is attached hereto as Exhibit A and incorporated herein by reference.

10. On July 19, 2005, American Express terminated account #'s 3717-029387-91003 and 3728-720092-35005, as well as those accounts associated with the cards issued to Mr. Silverman.  The notice of cancellation contained language threatening "negative reporting of this account to the consumer reporting agencies."  A copy of this notice is attached hereto as Exhibit B and incorporated herein by reference.

11. On July 8, 2005, and July 27, 2005, Mr. Silverman sent letters to Louise Parent, Esq., general counsel of American Express regarding the dispute, termination of the accounts and the threatened negative reporting of the accounts to the credit bureaus.

12. On July 26, 2005, and July 28, 2005, Suzanne Guyadeene, a legal analyst in the general counsel's office of American Express, sent letters to Mr. Silverman informing him, among other things, that the matter had been referred to "outside counsel" for review.

13. Approximately one month after Guyadeene's letter of July 28, 2005, Mr. Silverman again contacted American Express as there had been no action since his letter of July 28, 2005.

14. On or about September 1, 2005, Mr. Silverman was contacted by Paul Heimberg, Esq. ("Heimberg"), outside counsel for American Express. To settle the dispute between the parties, it was agreed that Mr. and Mrs. Silverman would execute a General Release, Mrs. Silverman would make payment of $439.79, American Express would issue Mrs. Silverman a credit of $570.00, American Express would instruct the credit bureaus to delete all information relating to accounts 3728-720092-35005, 3728-720092039105, 3717-029387-91003, and 3717-029387-91029, and that Mr. and Mrs. Silverman would notify American Express in the event they became aware that negative information was being reported to the credit bureaus.

15. On September 19, 2005, Guyadeene forwarded an agreement and release to Mr. Silverman reflecting the settlement agreed to by Mr. Silverman and Heimberg. The agreement and release were executed by Mr. Silverman and Mrs. Silverman on September 29, 2005. A copy of the agreement ("the Agreement") and mutual release are attached hereto as Exhibit C and incorporated herein by reference.

16. Pursuant to the Agreement, American Express was required to instruct all credit reporting bureaus to delete all information relating to Caryn Silverman and Gary Silverman for

accounts numbered 3728-720092-35005, 3728-720092039105, 3717-029387-91003, and 3717-029387-91029 (the "Accounts").

17. Pursuant to the Agreement, Mr. and Mrs. Silverman were required to give American Express written notice of any negative information reported to the credit reporting bureaus and thirty (30) days for American Express to instruct the credit reporting bureaus to remove such negative credit reporting information.

18. On January 3, 2006, Mr. Silverman sent a letter to Guyadeene informing her that the credit reporting bureau Experian, specifically referenced in the Agreement, was inaccurately continuing to report the American Express Accounts, as well as negatively report information regarding the American Express Accounts. A copy of this letter is attached hereto as Exhibit D and incorporated herein by reference.

19. On January 31, 2006, Mr. Silverman obtained another credit report. The report showed that American Express was inaccurately continuing to report the American Express Accounts as well as negatively report information regarding the American Express Accounts.

20. On March 6, 2006, Mr. Silverman called Heimberg to inform him that American Express was inaccurately continuing to report the American Express Accounts as well as negatively report information regarding the American Express Accounts; thereafter and at Heimberg's request, Mr. Silverman forwarded, via facsimile, a copy of the credit report and the Agreement to Heimberg. A copy of the facsimile transmission report is attached hereto as Exhibit E and incorporated herein by reference.

21. Despite Mr. Silverman's several written requests to both American Express and its counsel that American Express comply with the Agreement, American Express is inaccurately continuing to report the American Express Accounts as well as continuing to negatively report information regarding the American Express Accounts.

## **COUNT I**

*(Civil Liability for non-compliance with 15 U.S.C Section 1681)*

21. Mr. and Mrs. Silverman provided American Express with written notice on January 3, 2006, and March 6, 2006, that credit reporting bureaus were continuing to report inaccurate and negative information regarding their American Express Accounts.

22. American Express has failed to correct this information with the credit reporting bureaus.

23. 15 U.S.C Section 1681 provides that a person shall not furnish information relating to a consumer to a consumer reporting agency if that person knows or has reasonable cause to believe that information to be inaccurate.

24. 15 U.S.C Section 1681 further provides that a person shall not furnish information relating to a consumer to a consumer reporting agency if the person has been notified by the consumer that the specific information is inaccurate and that the information was, in fact, inaccurate.

25. American Express knew that the negative information reported to Experian was inaccurate.

26. American Express was informed in writing by Mr. and Mrs. Silverman that the information was inaccurate and had been reported to a consumer reporting agency.

27. American Express has taken no action to correct the information with the consumer reporting bureaus.

28. Under 15 U.S.C. Section 1681, any person who willfully fails to comply with any requirement under 15 U.S.C. Section 1681 shall be liable to the consumer for actual damages, punitive damages as determined by the Court, costs of the action, and reasonable attorney's fees.

29. As a result of American Express's willful non-compliance with 15 U.S.C. Section 1681, Mr. and Mrs. Silverman have suffered damages in the following amounts:

(a) damages for the humiliation, emotional distress, loss of reputation and the many subtle and indirect adverse effects on their personal, economic and social lives equal to two hundred fifty thousand dollars ($250,000.00);

(b) punitive damages under 15 U.S.C. Section 1681 equal to five hundred thousand dollars ($500,000.00);

(c) reasonable attorney fees under 15. U.S.C. Section 1681; and

(d) costs of this action.

WHEREFORE, Gary S. Silverman and Caryn Silverman demand judgment against the Defendant American Express Travel Related Expenses Company, Inc. for:

(a) damages for the humiliation, emotional distress, loss of reputation and the many subtle and indirect adverse effects on their personal, economic and social lives equal to two hundred fifty thousand dollars ($250,000.00);

(b) punitive damages under 15 U.S.C. Section 1681 equal to five hundred thousand dollars ($500,000.00);

(c) reasonable attorney fees under 15. U.S.C. Section 1681; and

(d) costs of this action.

## COUNT II
*(Breach of Contract By American Express Travel Related Expenses Company, Inc.)*

30. Plaintiffs incorporate paragraph 1 through 22 in this Count II as if fully stated herein.

31. The Agreement specifies that American Express shall instruct credit reporting bureaus to delete all information relating to Caryn Silverman and Gary Silverman's American

Express Gold Card Account numbers 3728-720092-35005, 3728-720092-39015 and American Express Platinum Card Account numbers 3717-029387-91003 and 3717-02387-91029.

32. As of April 24, 2006, American Express had failed to do so.

33. The Agreement also specifies that in the event that American Express reports negative information to credit reporting bureaus, Mr. and Mrs. Silverman shall notify them in writing and give them thirty days to correct this information.

34. American Express was notified in writing on January 3, 2006 and March 6, 2006 in the attached Exhibits D and E.

35. American Express has not taken steps to remove this inaccurate and negative credit reporting information.

WHEREFORE, Gary S. Silverman and Caryn Silverman demand judgment against the Defendant American Express Travel Related Expenses Company, Inc. and:

a. The Court shall order the American Express Travel Related Expenses Company, Inc. to perform under the attached Agreement and to instruct credit reporting bureaus to remove all inaccurate and negative credit information relating to the American Express Gold Card and American Express Platinum Card Accounts for Gary S. Silverman and Caryn Silverman referenced in the Agreement;

b. Costs of this action; and

c. Any further relief that the Court shall deem just and proper.

       Respectfully submitted,

       SILVERMAN & ASSOCIATES, CHTD.


       /s/ Milt N. Theologou
       _____

       Milt N. Theologou
       11200 Rockville Pike
       Suite 300
       North Bethesda, Maryland 20852
       (301) 468-4990

       Attorney for Plaintiff